GUSTAVE A. CARLSON ET ALS. *vs.* SIGNE S. AVITABLE, EXECUTRIX (ESTATE OF ANDREW L. CARLSON).

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 7th—decided July 16th, 1934.

*William M. Harney,* with whom was *P. F. McDonough,* and, on the brief, *Norman Yellin,* for the appellants (plaintiffs).

*Cyril F. Gaffney,* for the appellee (defendant).

PER CURIAM. This is an appeal from a decree admitting to probate the will of Andrew L. Carlson. The appellants requested a finding of facts, which the trial court made, and certain assignments of error are addressed to that finding. No questions are presented other than those involved in a consideration of the denial of a motion to set aside the verdict which, at the court's direction, was rendered in favor of the appellee. The finding has no proper place in the record and we entirely disregard it.

There is nothing in the evidence in any way indicating that the testator lacked general testamentary capacity. The appellants claim, however, that upon the evidence the jury were entitled to find that the will was the result of undue influence exerted upon the testator by the appellee, his niece, to whom he left practically all of his estate, amounting to some $11,-000, and that it was due to an insane delusion on his part. The jury might reasonably have found that the testator made the will as a result of a disagreement with the appellee, with whom he was at the time making his home, and of a statement made to him that he must leave, with the hope on his part that she would permit him to continue to live there, which, after learning of the will, she did. But there is nothing in the evidence to indicate that the disagreement be-

tween the testator and the appellee and her intention to cause him to leave her home were otherwise than real or that the testator's act in making provision for her as he did was other than of his own free will, or that this provision was brought about by any improper influence exerted by her.

The basis of the claim of an insane delusion is the belief expressed by the testator that his property was insufficient to assure his maintenance during the rest of his life and that if he left the home of his niece there was no place to which he might go. There was uncontradicted testimony to the effect that the income from certain investments of the testator had fallen off and he had very little cash. Under these circumstances the feeling on his part that his property might not be sufficient to maintain him during the rest of his life was one which often occurs in the case of elderly people, particularly when their health is impaired, as was his. Indeed, if insane delusions are to be attributed to persons who, dependent upon accumulated means for support in their remaining years, are apprehensive as to the future, few such persons could probably be found free from that disability, especially at present and in the recent past. The only places where he might have found a home if he left his niece, which are suggested in the evidence, were with a sister with whom he had lived previously to going to his niece, a brother, and a friend with whom he had formerly boarded. The sister had been compelled by her own ill health to tell him he must leave, which he had done with great regret, and it nowhere appears in the evidence that she had thereafter in any way suggested to him that he might return. The jury might have found that the brother did tell him he might make his home with him but the testator considered that home too remote a place in which to live.

The friend testified that he told the testator he might make his home with him if he could take care of himself but later the testator informed him that he could not do so. The feeling on the part of the testator that he had no place to go if he was turned out of the home of the niece could not reasonably be held to show that he was suffering from an insane delusion, although the jury might have found that it was not strictly in accordance with the facts. *Kimberly's Appeal*, 68 Conn. 428, 437, 36 Atl. 847. The jury could not reasonably have reached a conclusion other than that the will was the expression of the real testimentary intent of the testator, unaffected by any improper influence or lack of testamentary capacity. The trial court did not err in directing a verdict for the appellee or in refusing to set that verdict aside.

There is no error.